IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**LISA BRANDT, Individually and on**            **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.          No. 2:22-cv-11028

**TEMPLE PLAZA HOTEL, INC.,**            **DEFENDANTS**
**and FAMOUS DOOR II, INC.**

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

Plaintiff Lisa Brandt ("Plaintiff"), individually and on behalf of all others similarly situated, by and through undersigned counsel, for her Original Complaint—Collective Action ("Complaint") against Defendants Temple Plaza Hotel, Inc., and Famous Door II, Inc. (collectively "Defendant" or "Defendants"), states and alleges as follows:

**I.      PRELIMINARY STATEMENTS**

1.      This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), and the Michigan Workforce Opportunity Wage Act, MCL § 408.931, *et seq.* ("WOWA").

2.      Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's policy and practice of failing to pay proper wages under the FLSA and the WOWA.

3.      This case is similar to *Merriwether v. Temple Plaza Hotel, Inc., et al.,* case no. 2:19-cv-11854-VAR-EAS, filed June 24, 2019. Two of the three defendants in the

*Merriwether* case are named as defendants herein. The duties and claims for relief of the plaintiffs in each case are the same or substantially similar. On February 19, 2021, the court granted conditional certification of the *Merriwether* plaintiffs' proposed collective. The *Merriwether* notice period ended on June 4, 2021, and Plaintiff in the instant case will seek certification of a collective limited in time from that date.

## II.     JURISDICTION AND VENUE

4.     The United States District Court for the Eastern District of Michigan has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5.     This Complaint also alleges violations of the WOWA, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's WOWA claims pursuant to 28 U.S.C. § 1367(a).

6.     The acts complained of herein were committed and had their principal effect against Plaintiff within the Southern Division of the Eastern District of Michigan; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.     THE PARTIES

7.     Plaintiff is an individual and resident of Oakland County.

8.     Separate Defendant Temple Plaza Hotel, Inc. ("Temple Plaza Hotel"), is a domestic, for-profit corporation.

9.     Temple Plaza Hotel's registered agent for service of process is Boydell Development at 1600 Clay Street, Detroit, Michigan 48211.

10.     Separate Defendant Famous Door II, Inc. ("Famous Door"), is a domestic, for-profit corporation.

11. Famous Door's registered agent for service of process is Dennis Keffallinos at 1600 Clay Street, Detroit, Michigan 48211.

12. Defendants do business as Bouzouki.

### IV.    FACTUAL ALLEGATIONS

13. Plaintiff repeats and reallege all the preceding paragraphs of this Complaint as if fully set forth in this section.

14. Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies and set schedules for their employees through unified management.

15. Upon information and belief, the revenue generated from Temple Plaza Hotel and Famous Door was merged and managed in a unified manner.

16. As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as a single enterprise

17. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as food and beverage products.

18. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

19. Defendant employed two or more employees at all times within the past three years.

20. Defendant is an employer within the meaning of the FLSA and has been, at all times relevant herein, Plaintiff's employer.

21. Defendant owns and operates a nightclub in Detroit ("the Club").

22. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

23. Defendant employed Plaintiff as a Dancer at various times from 2005 until 2021.

24. Defendant classified Plaintiff as an independent contractor, exempt from the overtime requirements of the FLSA.

25. Defendant also employed other Dancers.

26. Defendant also classified other Dancers as independent contractors.

27. Plaintiff performed stage dances and lap dances on Defendant's premises.

28. Other Dancers had the same or similar duties as Plaintiff.

29. Defendant directly hired Plaintiff and other Dancers, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

30. Plaintiff and other Dancers did not financially invest in Defendant's business.

31. Plaintiff and other Dancers did not share in Defendant's profits or losses.

32. Defendant, not Plaintiff or other Dancers, set prices for lap dances and private dances.

33. Defendant determined Plaintiff's and other Dancers' pay scale for services without input from or negotiation with Plaintiff and other Dancers.

34. Defendant, not Plaintiff or other Dancers, decided whether and how many Dancers to hire.

35. Plaintiff and other Dancers were hired to work for Defendant for a continuous and ongoing period of time.

36. Plaintiff and other Dancers did not select any employees for hire, nor did they have any ability to fire employees.

37. Plaintiff and other Dancers did not have any control of or authority over any employee's rate of pay or working hours.

38. Defendant set the Club policies and rules and had complete control over the venue.

39. Defendant required Plaintiff and other Dancers to follow Club policies and rules.

40. Defendant made decisions on advertising Defendant's business without Plaintiff's and other Dancers' input.

41. Defendant failed to pay Plaintiff the applicable minimum wage for hours worked up to 40 each week.

42. Upon information and belief, Defendant did not pay Plaintiff and other Dancers an hourly or salary rate.

43. Plaintiff and other Dancers received tips from Defendant's customers.

44. Plaintiff and other Dancers were required to share their tips with Defendant, managers, the "house mom" and other employees who did not "customarily and regularly receive tips" within the meaning of 29 U.S.C. § 203(m).

45. Plaintiff and other Dancers were required to pay Defendants between $40 and $100 each shift.

46. The tips which Plaintiffs and other Dancers were allowed to keep constituted the entirety of their pay.

47. At all relevant times, Defendant knew or should have known that the FLSA applied to the operation of an adult entertainment club. Defendant knew of or should have been aware of previous litigation and enforcement actions relating to wage and hour violations where the misclassification of exotic dancers as independent contractors under the FLSA was challenged.

48. Plaintiff worked over 40 hours in some weeks while employed by Defendant.

49. Upon information and belief, other Dancers also regularly or occasionally worked over 40 hours in some weeks during their employment with Defendant.

50. Plaintiff and other Dancers are entitled to wages and compensation based on the standard minimum wage for all hours worked.

51. Plaintiff and other Dancers are entitled to 1.5x their regular hourly rate for hours worked over 40 each week.

52. Plaintiff performed all of her work as a Dancer on Defendant's premises.

53. Other Dancers performed all of their work on Defendant's premises.

54. Defendant knew or should have known that Plaintiff and other Dancers were working hours for which they were not paid a lawful minimum wage or overtime premium.

55. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff and other Dancers violated the FLSA and the WOWA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

56. Plaintiff repeats and reallege all previous paragraphs of this Complaint as though fully incorporated in this section.

57. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

    A. Minimum wage for all hours worked;

    B. Overtime premiums for all hours worked over 40 each week;

    C. Liquidated damages; and

    D. Attorney's fees and costs.

58. Plaintiff proposes the following collective under the FLSA:

**All Dancers since June 4, 2021.**

59. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

60. The relevant time period dates back to the end of the notice period in *Merriwether* as described in paragraph 3, *supra,* and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a). In limiting the collective definition in this way, Plaintiff in no way waives or limits damages available to her or future opt-in plaintiffs.

61. The members of the proposed FLSA collective are similarly situated in that they share these traits:

    A. They were paid solely in tips;

    B. They were not paid a sufficient minimum wage;

    C. They were not paid an overtime premium for hours worked over 40 in a week;

    D. They were subject to Defendant's common policy of classifying them as "independent contractors;"

    E. They were subject to numerous other policies and practices as described above; and

    F. They had the same or substantially similar job duties and requirements.

62. Plaintiff is unable to state the exact number of the collective but believes that the collective exceeds twenty persons.

63. Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

64. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

65. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

### VI.   FIRST CLAIM FOR RELIEF
**(Individual Claim for Violation of the FLSA)**

66. Plaintiff repeats and reallege all previous paragraphs of this Complaint as though fully set forth herein.

67. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

68. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

69. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

70. Defendant misclassified Plaintiff as exempt from the requirements of the FLSA.

71. Defendant failed to pay Plaintiff a sufficient minimum wage.

72. Defendant failed to pay Plaintiff a sufficient overtime premium for hours worked over 40 each week.

73. Defendant knew or should have known that its actions violated the FLSA.

74. Defendant's conduct and practices, as described above, were willful.

75. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

76. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the

amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

77. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### VII. SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

78. Plaintiff repeats and reallege all previous paragraphs of this Complaint as though fully set forth herein.

79. Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

80. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

81. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

82. Defendant misclassified Plaintiff and other similarly situated employees as exempt from the provisions of the FLSA.

83. Defendant failed to pay Plaintiff and similarly situated employees a sufficient minimum wage.

84. Defendant failed to pay Plaintiff and similarly situated employees an overtime premium for hours worked over 40 each week.

85. Defendant knew or should have known that its actions violated the FLSA.

86. Defendant's conduct and practices, as described above, were willful.

87. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

88. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

89. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   THIRD CLAIM FOR RELIEF
### (Individual Claim for Violation of the WOWA)

90. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

91. Defendant was an "employer" within the meaning of the WOWA, MCLS § 408.932(d).

92. Plaintiff was an "employee" within the meaning of the WOWA, MCLS § 408.932(c).

93. The WOWA requires employers to pay employees a minimum wage for up to 40 hours each week and to pay 1.5x regular wages for all hours worked over 40 each week.

94. Defendant failed to pay Plaintiff a lawful minimum wage for all hours worked.

95. Defendant failed to pay Plaintiff 1.5x minimum wage for all hours worked over 40 each week.

96. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the WOWA.

97. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for unpaid wages, including unpaid tips, due to her in an amount to be determined at trial, plus liquidated damages and attorneys' fees, including costs.

## IX.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Lisa Brandt, individually and on behalf of all others similarly situated, respectfully prays that each Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the WOWA and their related regulations;

B. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C. Judgment for damages suffered by Plaintiff and others similarly situated for all unpaid wages under the FLSA, the WOWA and their related regulations;

    D.    Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA, the WOWA and their related regulations;

    E.    An order directing Defendant to pay Plaintiff and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

    F.    Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**LISA BRANDT, Individually
and on Behalf of All Others
Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com